**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cardinal Micheaux Barnes,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-01632-PHX-ROS<br><br>**ORDER** |

Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the Court find Petitioner Cardinal Micheaux Barnes procedurally defaulted all of his claims. Barnes filed objections to the R&R but, after de novo review, the R&R is correct and will be adopted.

## BACKGROUND

In 2016, Petitioner pleaded guilty to one count of conspiracy to commit aggravated assault and was sentenced to 23.75 years. Petitioner filed a timely notice of post-conviction relief which was denied on September 19, 2017. Petitioner had until October 30, 2017, to seek review of that denial by filing a petition for review with the Arizona Court of Appeals. Petitioner did not do so. According to Petitioner, he was unable to file a petition for review because his legal documents were confiscated on September 16, 2017, and not returned to him until October 20, 2017. Thus, under Petitioner's version of events, he had his legal documents from October 20 through October 30 but he did not file a motion for extension of time or a petition for review during that period. Petitioner did not file a motion for

extension of time or petition for review after that period either. Instead, Petitioner made no further effort to pursue his claims in state court. Petitioner filed the present federal petition on May 29, 2018.

The R&R concludes Petitioner's failure to file a petition for review by the Arizona Court of Appeals means his claims were not properly exhausted and, given the long-passed deadline for filing such a petition, as well as Arizona's prohibitions on successive petitions, Petitioner is now barred by Arizona law from pursuing his claims in state court. Thus, the R&R states "Petitioner's claims are all now procedurally defaulted." (Doc. 63 at 10). The R&R states there is no basis to excuse that default, meaning all the claims should be dismissed with prejudice.

In his objections to the R&R, Petitioner argues he was unable to file a timely petition for review because his legal files were confiscated until October 20, 2017. (Doc. 64 at 5). In addition, it appears Petitioner argues that, even after he received his legal files on October 20, he could not have obtained the supplies necessary to prepare a petition for review for some time after the deadline passed.[1] (Doc. 64 at 7). At the end of his objections, however, Petitioner admits he intentionally bypassed the Arizona Court of Appeals. According to Petitioner, he filed his federal "Petition of Writ of Habeas Corpus . . . because he didn't believe that he would receive a fair and convincing attempt on correcting the Due Process deprivations with the state courts." (Doc. 64 at 10).

## ANALYSIS

Having pleaded guilty, if Petitioner wished to challenge his conviction or sentence he was required to exhaust his claims by presenting them to the trial court in a petition for post-conviction relief and a petition for review to the Arizona Court of Appeals. *Swoopes*

---

[1] The R&R noted Petitioner did not establish he requested legal supplies around the time the petition for review was due. The R&R cited that lack of evidence as indicating Petitioner did not diligently pursue the petition for review. Petitioner now claims it would be unfair to base the denial of relief "solely" on the absence of "a store receipt from over 2 years ago." (Doc. 64 at 7). But the R&R does not recommend the denial of relief "solely" because of the absence of "a store receipt." Rather, the absence of "a store receipt" was viewed together with Petitioner's failure to file a petition for review even after the deadline. In other words, the R&R concluded that Petitioner had not made a showing he was diligently attempting to file a petition for review. Petitioner has not presented evidence or argument casting doubt on that conclusion.

*v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."). It is undisputed Petitioner did not file a petition for review. It is also undisputed that Arizona law would not allow Petitioner to now present his claims to the Arizona Court of Appeals. Thus, Petitioner's claims are all procedurally defaulted and the only issues are whether Petitioner can show "cause and prejudice" to excuse that procedural default or if "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Starting with the "cause" aspect of the "cause and prejudice" inquiry, Petitioner "must show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). It appears Petitioner believes the confiscation of his legal materials until October 20, 2017, meets the standard for "cause." But Petitioner had his legal materials as of October 20, 2017, and his petition for review was not due until October 31, 2017. Thus, Petitioner had eleven days to prepare his petition for review. If Petitioner needed more time, he could have filed a motion seeking additional time. At worst, Petitioner could have submitted a petition after the applicable deadline and requested the state court accept the untimely filing. Petitioner, however, chose to make no effort to seek review by the Arizona Court of Appeals. Instead, Petitioner waited approximately seven months and then filed his federal petition. With no convincing explanation for Petitioner's failure to present his claims to the Arizona Court of Appeals, he has not established "cause" justifying his failure to exhaust his claims. Therefore, the Court need not address whether Petitioner can meet the "prejudice" requirement. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (holding lack of "cause" means there is no need to address "prejudice").

Finally, Petitioner has not established the failure to consider his claims will result in a fundamental miscarriage of justice. To make such a showing, Petitioner would have to make "a showing of actual innocence." *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th

Cir. 2015). Petitioner has not done so.[2]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 63) is **ADOPTED**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter a judgment of dismissal with prejudice.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 30th day of December, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[2] One of Petitioner's claims involves alleged ineffective assistance of trial counsel. Petitioner has not invoked the special rule regarding procedural default of such claims. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). With no attempt to invoke or present arguments under *Martinez*, Petitioner has not established *Martinez* has any application here. *Cf. Ramirez v. Ryan*, 937 F.3d 1230, 1242 (9th Cir. 2019) (placing burden on prisoner to "demonstrate" applicability of *Martinez*).

- 4 -